UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-081-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS LEROY MARTIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Douglas Martin previously submitted a letter, which the Court construed as a motion, seeking relief under 18 U.S.C. § 3582(c).  [Record No. 434]  In that letter, Martin stated that he requested relief from his warden over sixty days ago and that compassionate release is justified by "extraordinary and compelling reasons" because his spouse is unable to care for his minor children or herself.  However, he failed to provide evidentiary support for either contention.  Accordingly, the Court allowed him to supplement his motion by October 15, 2020.  [Record No. 433]

Prior to this deadline, Martin submitted two more letters.  The first letter: (1) clarifies that Martin's first letter seeks relief pursuant to 18 U.S.C. § 3582(c)(2); (2) requests appointment of counsel; and (3) expresses concern related to his ability to supplement the record.  The second letter offers limited information intended to supplement the requested relief.  Both letters will be filed in the record.  However, the Court will deny Martin's requested relief for the reasons explained below.

**I.**

A jury convicted Martin on December 17, 2013, of one count of conspiracy to possess with intent to distribute heroin, cocaine, oxycodone, and hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851, and one count of intimidation or force against a witness, in violation of 18 U.S.C. § 1512(b)(1).  [Record No 125]   At the time of the defendant's sentencing hearing, Martin's guidelines range was calculated using the 2013 edition of the United States Sentencing Guidelines Manual.  [Record No. 220, p. 42]  For Count One (the drug offense), his base offense level was 24.  [*Id.*]  Martin also received a two-level increase for possession of a firearm, a two-level increase for obstruction of justice, and a four-level increased for his role in the conspiracy.  [*Id.* at pp. 42–43]  Based on his total offense level of 32 and no criminal history points, his guideline range for incarceration was 121–151 months.  [*Id.* at 43]  Because the counts were grouped, and because Count One carried the higher offense level, Count Three was subject to the same range under U.S.S.G. § 3D1.3.  [*Id.*]

During the sentencing hearing, the Court found that the Section 3553(a) factors "would certainly support a sentence above the guideline range."  [*Id.* at 64]  However, the Court declined to impose an above-guidelines sentence and instead found a sentence at the top of the guidelines range was the minimum term of imprisonment which should be imposed.  [*Id.* at 64–65]  Accordingly, Martin was sentenced to a 151-month term of imprisonment for each count, to run concurrently.  [*Id.* at 67; Record No. 202]

**II.**

The Court first considers Martin's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  As noted in a prior order, Martin's compassionate-release motion contains

potentially meritorious requests for relief, but lacks any supporting evidence. [Record No. 433] However, given time to supplement his motion, Martin has not offered evidence of administrative exhaustion or of "extraordinary and compelling reasons." His recent letter to the Court, including its attachments, are not sufficient to cure this defect. On this record, the Court cannot give Martin's compassionate-release motion full consideration. Accordingly, it will be denied without prejudice.

### III.

Martin also requests a sentence reduction under 18 U.S.C. § 3582(c)(2). This statutory section provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) motions require a two-step inquiry. First, the Court considers whether a defendant is eligible for a reduction. If the answer to the first question is yes, then the Court evaluates whether a sentence reduction is warranted in the context of the factors listed in 18 U.S.C. § 3553(a). *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013).

### a. Eligibility

Amendment 782 lowered the offense levels applicable to certain drug quantities. It is listed in the policy statement, and the sentencing ranges it lowered are appropriate for consideration in a Section 3582(c)(2) motion. U.S.S.G. § 1B1.10(a), (d). Any possible

sentence reduction must be calculated based on "the amended guideline range that would have been applicable," leaving "all other guideline application decisions unaffected." *Id.* at (b)(1). And any reduction cannot depart below the minimum sentence of the amended guideline range. *Id.* at (b)(2)(A).

Martin is eligible for a sentence reduction. At the time of the sentencing hearing, his drug quantity resulted in a base offense level of 24. And after Amendment 782, Martin's base offense level would be 22. U.S.S.G. § 2D1.11(c)(9). With the 8-level enhancements applied at sentencing, Martin's total offense level would become 30 and his guidelines range for imprisonment would be 97–121 months. *See* U.S.S.G. Sentencing Table. As noted, Martin's original sentence of 151 months is above this range.[1] Thus, having determined that Martin is eligible for a sentence reduction, the Court next considers whether a reduction is warranted in this case.

### b. Section 3553(a) Factors

The Court must also determine "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Thompson*, 714 F.3d at 949. Under Section 3553(a), the Court evaluates whether a reduced sentence would be sufficient, but not greater than necessary, based on the listed statutory factors, including: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; and (3) the need for the sentence imposed to promote respect for the law, deter criminal

---

[1]     Martin was given a concurrent 151-month sentence for Count Three because his offense level for Count One served as the offense level for all counts grouped together. U.S.S.G. § 3D1.3(a). Leaving "all other guideline application decisions unaffected," U.S.S.G. § 1B1.10(b)(1), this sentence does not affect Martin's eligibility.

conduct, and protect the public from the defendant's future crimes.  18 U.S.C. § 3553(a).  The notes to Section 1B1.10 additionally direct consideration of "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."  U.S.S.G. § 1B1.10 n.1(B)(ii)–(iii).

Beyond referencing the amended guidelines and claiming that he has now accepted responsibility for his actions, Martin has offered no evidence or information to support the conclusion that a reduction would be warranted under any of the relevant factors.  Rather, he argues that a sentence reduction is necessary so he can return to his family.  The Court was presented with this argument at sentencing and determined it was "not a basis for this Court imposing a lower sentence under the circumstances that are presented."  [Record No. 220, p. 66]  Those circumstances included: (1) Martin's "very serious drug offense," [*Id.* at 62]; (2) that Martin "took the witness stand, and he lied.  And he knew the consequences of testifying falsely.  He knew that he had to testify correctly and honestly . . . but he couldn't help himself," [*Id.* at 62–63]; and (3) that "He . . . has not shown respect for the law," [*Id.* at 63].

Based on these circumstances, and the Section 3553(a) factors, the Court concluded that a 151-month term of imprisonment was sufficient, but not greater than necessary.  And it expressed "concern[] . . . that a sentence within the guideline range will not deter future criminal conduct until such time as he looks in the mirror and admits that he's the person responsible."  [*Id.*]  Martin contends that he has since taken this first step.  But that assertion does not change the seriousness of his crimes, or the need to deter Martin from committing future crimes and to protect the public from additional criminal behavior.  And given the record

before the Court, and Martin's failure to argue that a reduction is warranted, the Court determines that a reduced sentence would not accomplish the purposes identified in Section 3553(a).  His motion will be denied for all of these reasons.

## IV.

Finally, Martin's motion for appointment of counsel also will be denied.  "No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)).  The decision to appoint counsel is within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in § 3582 motions "are straightforward and resolvable upon review of the record." *Id.* Absent any supporting evidence, Martin's motions can be resolved without the assistance of counsel.  Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Martin's motion for compassionate release under 18 U.S.C. § 3582(c)(1) [Record No. 434] is **DENIED**, without prejudice to being renewed if the defendant submits information, evidence, or other documentation supporting administrative exhaustion and the merits of his claim.

2.    Defendant Martin's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and his motion for appointment of counsel are **DENIED**.

3.    The Clerk of Court is **DIRECTED** to file copies of Defendant Martin's letters in the record.

Dated:  October 23, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky